UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR06-38-RSM-JPD |
| ) | |
| v. ) | |
| ) | |
| HARMINDER SINGH, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

<u>Offenses charged</u>:

    Count 1:  Conspiracy to Smuggle and Transport Illegal Aliens in violation of 8 U.S.C. §§ 1324.

    Count 10:  Bringing Illegal Alien for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

    Count 11:  Transporting Illegal Alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324 (a)(1)(B)(i).

<u>Date of Detention Hearing</u>:  June 1, 2006.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

    <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    The question of whether the defendant should be detained has been considered previously.  At that time, the defendant was charged with alien smuggling in the *United*

*States of America v. Singh,* CR 06-91 TSZ.  The Honorable Mary Alice Theiler ordered on April 17, 2006, that the defendant be detained, finding him to be a risk of flight.  Upon further review and a subsequent hearing, Judge Theiler reaffirmed her decision on May 11, 2006, to detain the defendant as a risk of flight.

On May 16, 2006, the government dismissed the indictment that was the subject of Judge Theiler's detention orders.  However, on May 11, 2006, the defendant was charged by means of a superceding indictment in this case, *United States of America v. Dehagi, et al.*, CR 06-38 RSM, originally filed on February 1, 2006, and subsequently in a second superceding indictment returned on May 24, 2006.  The defendant made his initial appearance in this case on May 25, 2006.

At the defendant's initial appearance on the pending charges, the Court determined that the defendant was entitled to a *de novo* detention hearing.  The hearing on the government's motion to detain the defendant took place on June 1, 2006.   During the argument on detention, the government and the defendant made reference to proffers and testimony made during the second detention hearing in CR 06-91.  As a result, the undersigned Magistrate Judge ordered that the transcript of that hearing be posted and made part of this hearing.

The defendant is charged in Count 1 with a conspiracy to smuggle and transport aliens, namely Indians and Pakistanis, from Canada into the United States.  The defendant was born in Hamjinpur, India, and came to the United States on a visitor's visa in 1997.  Shortly after his arrival, he filed an application for political asylum, which was granted, because he established that, as a Sikh,  he had a well-grounded fear of future persecution or had faced past persecution based on his religious beliefs.  The defendant has resided in the Seattle area for a period of approximately two years.  His wife and child remained in India until 2005, when they were able to join him.  He has been employed as a cab driver.

The Bail Reform Act of 1984, 18 U.S.C. § 3145, requires the release of a person

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 2

15.13
Rev. 1/91

facing trial under the least restrictive conditions that will reasonably assure the appearance of the person as required and the safety of the community.  On a motion for pretrial detention, the government bears the burden of proving by a preponderance of the evidence that the defendant poses a risk of flight, and by clear and convincing evidence that the defendant poses a danger to the community.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  In this case, the government has not carried its burden of proving that the defendant poses a danger to the community.  The issue before the Court, therefore, is whether the government has proven by a preponderance of the evidence that the defendant poses a risk of flight.  It is the judgment of the Court that the government has done so, and the defendant will be detained pending trial in this matter.

As discussed above, the defendant is charged with alien smuggling and with a conspiracy with others to smuggle Indians and Pakistanis from Canada into the United States. The government claims that approximately fifty (50) illegal aliens have been so smuggled, which, if true, would indicate a sophisticated trail for bringing aliens into Canada and then into the United States.

If the defendant is convicted of the charges in this case, he could face a mandatory minimum sentence of three (3) years in prison.  Of greater significance is that, based on the testimony of Mr. Fehlings, Deputy Chief Counsel for Immigration and Customs Enforcement, if convicted, the defendant would likely be deported following his incarceration, and he would be unable to be able to renew his asylum status.  If this happened, in all probability,  he would be deported to India.

The defendant received a grant of political asylum in this country in 1998 as a result of religious persecution that he either received or was likely to receive in India.  He does, however, still have family members in India.   The asylum grant impacts the risk of flight analysis in two ways.  Were it not for the asylum grant and fear of persecution in India, the defendant would pose a risk of flight to return to India where he still has family and where his

wife and child resided until 2005, in order to avoid prosecution for the pending charges. Because the asylum grant is so old, however, and because the defendant still has family in India, it is possible that the fear of persecution in India may no longer exist, which would otherwise serve as a deterrent to the defendant fleeing to India to avoid prosecution. On the other hand, if the fear of persecution in India still exists, then the defendant knows that if he is convicted, he will likely be returned to India following any imprisonment. In this case, then it is probable that the defendant would use the channels allegedly developed in Canada as part of the alleged smuggling conspiracy to flee this jurisdiction, in order to avoid not just the possibility of incarceration for the pending charges, but the almost certain deportation to India following incarceration.

The defendant argues that the issue of alienage cannot be used to determine conclusively that a defendant poses a risk of flight, citing *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). However, as the court in *Motamedi* noted, while alienage is not a conclusive factor, it is one factor that the court can take into account when considering the risk of flight. In this case, not only is alienage a factor, but the broad-ranging international conspiracy that is alleged supports the finding that the defendant poses a risk of flight. In this regard, at the initial hearing before Judge Theiler, Rajpal Padda, a person unrelated to the defendant, offered to post real property as security to secure the release of the defendant. At the hearing before the undersigned, the Assistant United States Attorney proffered that this person has had contact with others involved in the alleged conspiracy, including the head of the alleged smuggling operations.

Because of the near certainty that the defendant would be deported if he is convicted, he has incentive to flee the country to either India, where he has family and where his wife and child resided until 2005, or to Canada, to avoid being deported to India if he still fears persecution there. There are no conditions that would reasonably assure the presence of the defendant as required if released.

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 4

15.13  
Rev. 1/91

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of June, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge